UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ROBERT HEFFERNAN.                                                              PLAINTIFF

v.                              Civil No.: 6:18-cv-06001

ANDREA BEASLEY(Correct Care Solutions                                          DEFENDANTS
Heath Services Administrator), CORRECT
CARE SOLUTIONS, and WENDY KELLY
(ADC Director)

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Plaintiff filed his Motion for Preliminary Injunction (ECF No. 1) on January 4, 2018.[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

**I. BACKGROUND**

Plaintiff is currently incarcerated in the Arkansas Department of Corrections ("ADC") Ouachita River Unit. Plaintiff has filed a verified Motion and also attaches a "Declaration and Affidavit" both under penalty of perjury pursuant to 28 U.S.C. § 1746. (ECF No. 1). In his Motion, Plaintiff alleges Defendants, because of the cost of treatment, have denied him a pacemaker for his sinus bradycardia.[2] Plaintiff alleges his condition has worsened over the past five months, with

---

[1] Plaintiff does not appear to request a temporary restraining order without notice to the Defendants. Further, while his condition, as alleged, appears serious, he does not make any allegation of immediate and irreparable injury as required by FED.R.CIV. P. 65 to obtain such a "no notice" injunction. In fact, he alleges the claimed medical condition has persisted over a period of several months. (ECF No. 1 at 2).

[2] Sinus bradycardia is a type of cardiac arrhythmia. https://www.merckmanuals.com/professional/cardiovascular-disorders/arrhythmias-and-conduction-disorders/sinus-node-dysfunction (last visited Jan. 16, 2018).

his heart stopping eight times during that five months. (ECF No. 1 at 2 and 6-7). Plaintiff alleges he is in danger of "sudden cardiac death" if he does not receive a cardiac pacemaker. (ECF No. 1 at 2 and 6-7). Plaintiff further alleges he suffers daily from chest pains, dizziness, confusion, loss of consciousness, fatigue, weakness, shortness of breath, and palpitations. (ECF No. 1 at 7).

Plaintiff alleges he sent three letters to Defendant Beasley, the Health Services Administrator for Correct Care Solutions (CCS), and also talked to Ms. McCoy, the Director of Nursing about his condition. (ECF No. 1 at 8). Plaintiff alleges Dr. Daniels of CCS refused to "get Plaintiff some medical help for treatment." (ECF No. 1 at 8).

Plaintiff alleges he filed an emergency ADC grievance on November 22, 2017. He alleges the Director of Nursing responded to the grievance and told him that they were "doing what Dr. Wong said to do." Plaintiff alleges that on his last visit with Dr. Wong, the doctor "did not do anything and he made no orders." (ECF No. 1 at 10). Plaintiff allege he appealed the grievance on November 30, 2017, and was told he would hear back by January 1, 2018. Plaintiff acknowledges he has not exhausted his administrative remedies and intends to file suit pursuant to 42 U.S.C. § 1983 upon completion of the ADC grievance process. (ECF No. 1, at 6).

Plaintiff requests a preliminary injunction directing Correct Care Solutions and the ADC to provide Plaintiff with a gate pass and transportation to the University of Arkansas Medical Sciences Hospital ("UAMS") or another hospital so that he may be seen by a cardiologist to give a medical assessment as to the need for a cardiac pacemaker for his condition. (ECF No. 1 at 9). Plaintiff requests, if the cardiologist deems a pacemaker necessary, that he receive the pacemaker insertion. (ECF No. 1 at 10). Finally, Plaintiff requests that the treating cardiologist be ordered to file a report with the Court and provide copies of the report to Plaintiff. (ECF No. 1 at 16).

## II. LEGAL STANDARD

Rule 65 of the Federal Rules of Civil Procedures governs the issuance of preliminary injunctions. In deciding a motion for a preliminary injunction, the courts are instructed to consider the following factors: (1) the probability of success on the merits; (2) the threat of irreparable harm to the movant; (3) the balance between this harm and the injury that granting the injunction will inflict on other interested parties; and (4) whether the issuance of an injunction is in the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) (en banc); s*ee also Minnesota Mining and Mfg. Co. v. Rauh Rubber, Inc.*, 130 F.3d 1305, 1307 (8th Cir. 1997); *Sanborn Mfg. Co., Inc. v. Campbell Hausfeld/Scott Fetzer Co.*, 997 F.2d 484, 485-86 (8th Cir. 1993). While no single factor in itself is dispositive, the Eighth Circuit Court of Appeals has held "the two most critical factors for a district court to consider in determining whether to grant a preliminary injunction are (1) the probability that plaintiff will succeed on the merits, and (2) whether the plaintiff will suffer irreparable harm if an injunction is not granted." *Chicago Stadium Corp. v. Scallen,* 530 F.2d 204, 206 (8th Cir. 1976). The burden of proving a preliminary injunction is warranted rests on the movant. *Goff v. Harper,* 60 F.3d 518, 520 (8th Cir. 1995). Further, the Eighth Circuit has instructed that "in the prison context, a request for injunctive relief must always be viewed with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Id.* (internal quotations omitted).

## III. DISCUSSION

### A. Likelihood of Success on the Merits

Plaintiff's claim for a preliminary injunction is based on the assertion his medical needs are not being properly addressed by the ADC and its contract medical care provider, CCS. It is essentially a claim of deliberate indifference to a serious medical need by a state prisoner. Plaintiff does not allege he has been denied access to doctors and nurses. In fact he states he has been seen by two physicians and has talked directly with the Director of Nursing about his emergency grievance regarding his alleged heart condition. He further states he was told by the Director of Nursing that Dr. Wong's orders were being followed as to his medical care. Plaintiff clearly disagrees with the diagnosis and treatment orders of the CCS physicians. However, mere disagreement with medical treatment fails to state a claim of deliberate indifference. *See Meuir v. Greene County Jail Employees,* 487 F.3d 1115, 1118-19 (8th Cir. 2007) (an inmate has no constitutional right to a particular course of treatment, and his mere disagreement with the medical treatment he receives is not a basis for section 1983 liability); *Pietrafeso v. Lawrence County, S.D.,* 452 F.3d 978, 983 (8th Cir. 2006) (showing deliberate indifference is greater than even gross negligence and requires more than mere disagreement with treatment decisions). Therefore, at least at this juncture, the Court finds it is improbable that Plaintiff's denial of medical care claims will be successful on the merits.

### B. Irreparable Harm

A preliminary injunction is meant to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994). Plaintiff has alleged that his heart has stopped several times and he faces

sudden cardiac death if a pacemaker is not implanted. This statement, on its face, weighs in favor of Plaintiff. However, Plaintiff has not alleged that any physician or other medical staff has told him that he needs a pacemaker. Instead, he requests the Court order him taken to an outside hospital for an assessment of that need. While it is perhaps understandable that an inmate may not trust the decisions of a medical provider, such distrust, alone, is not sufficient reason to invoke the extreme remedy of injunctive relief, especially in the prison setting. Further, Plaintiff claims his current medical condition has persisted for at least five (5) months prior to his filing the instant Motion for injunctive relief. Plaintiff has therefore not met his burden in proving irreparable harm. While a closer call, this factor weighs in favor of denial of the requested preliminary injunction.

### C. Balance of Harms

In balancing the harm and the injury to the Defendants if the injunction is granted, the balance favors the Defendants. Granting the injunction would amount to this Court interfering with the exercise of the medical judgment of the prison medical care providers. It would also result in the Court interfering with the operation and administration of a state prison as it relates to the ADC Defendants. As noted above, the Court should grant injunctive relief only "with great caution because judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff,* 60 F.3d at 520. This factor weighs in favor of denial of the requested preliminary injunction.

### D. Public Interest

In assessing whether the issuance of an injunction would be in the public interest, it must be remembered that the "federal courts do not sit to supervise state prisons, the administration of which is of acute interest to the States." *Meachum v. Fano*, 427 U.S. 215, 229 (1976). It has been

concluded that "protecting constitutional rights of inmates by maintaining the status quo for a handful of inmates outweighs the public interest 'in minimizing court interference in the orderly and secure running of the prison system.'" *Bear v. Kautzky*, 305 F.3rd 802, 805 (8th Cir. 2002) (affirmance—quoting lower court). In this instance, the relief Plaintiff seeks would not maintain the status quo; instead, the relief he seeks would require dictating to the prison the type and timing of medical care which must be provided to the Plaintiff. Public interest does not favor interference with the operations of the prison and this factor weighs in favor of denial of the requested preliminary injunction.

### IV. CONCLUSION

Accordingly, I recommend Plaintiff's Motion for Preliminary Injunction (ECF No. 1) be **DENIED** and this matter be **dismissed without prejudice**. I further recommend that the Plaintiff be advised to file a separate action using the Court-approved Complaint Form in the event Plaintiff wishes to proceed with this case beyond the preliminary injunction motion.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 12th day of January 2018.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE